(82 P.3d 526)
No. 90,700

MARILYN FULLER, *Claimant/Appellant*, v. FARMERS INSURANCE COMPANY, *Respondent/Appellee*, and LIBERTY MUTUAL INSURANCE COMPANY, *Insurer/Appellee*.

Opinion filed January 16, 2004.

*John G. O'Connor*, of Robb, Taylor & O'Connor, of Kansas City, for appellant.

*John R. Emerson*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before MARQUARDT, P.J., ELLIOTT, J., and PHILIP C. VIEUX, District Judge, assigned.

ELLIOTT, J.: Marilyn Fuller appeals the order of the Workers Compensation Board (Board) setting her weekly wage for purposes of determining eligibility for work disability payments.

We reverse and remand.

At the time Fuller suffered a job-related injury, she had worked for Farmers Insurance Company (Farmers) for 25 years. Eventually, Fuller was authorized to return to work and restricted to working 4 hours per day for 5 days a week. Claimant continued working for Farmers 20 hours per week at half salary. To compensate for the other half of her previous salary, Fuller used her benefits for sick leave and vacation. Due to her longevity, Fuller had accumulated these benefits: 26 weeks at full pay and 13 weeks at half pay (sick leave), 5 weeks of vacation, and 3 personal days each year.

The administrative law judge awarded Fuller work disability compensation based on a weekly wage calculation which *excluded* payment of sick and vacation leave. On appeal, the Board reversed the administrative law judge, holding sick and vacation benefits are to be *included* in the calculation of average weekly wage. The

Board, therefore, ruled Fuller was only entitled to compensation for her functional impairment.

Our review is as stated in *Pruter v. Larned State Hospital*, 271 Kan. 865, 868, 26 P.3d 666 (2001).

K.S.A. 44-510e does not contain a definition of "average weekly wage." Farmers acknowledges that the definition in K.S.A. 2002 Supp. 44-511(b) for an "employee's average gross weekly wage" does apply to the present case. That statute provides:

> "The employee's average gross weekly wage for the purpose of computing any compensation benefits provided by the workers compensation act shall be determined as follows:
>
> (1) If at the time of the accident the money rate is fixed by the year, the average gross weekly wage shall be the yearly rate so fixed divided by 52, plus the average weekly value of any additional compensation and the value of the employee's average weekly overtime as computed in paragraph (4) of this subsection."

But to determine average gross weekly wage under K.S.A. 2002 Supp. 44-511(b)(1), we must consult K.S.A. 2002 Supp. 44-511(a) for the meaning of "wage," "money," and "additional compensation."

K.S.A. 2002 Supp. 44-511(a)(3) defines "wage" as "the total of the money and any additional compensation which the employee receives *for services rendered* for the employer in whose employment the employee sustains an injury by accident arising out of and in the course of such employment." (Emphasis added.) In the present case, the money received by Fuller for vacation and sick leave benefits covered the 20 hours per week Fuller did not work and, thus, did not render any service for Farmers.

Further, K.S.A. 2002 Supp. 44-511(a)(1) defines "money" as the gross payment by the employer (Farmers) but states that it shall *not include* "benefits received by the employee from the employer or any other source."

And K.S.A. 2002 Supp. 44-511(a)(2) specifically lists the types of payments which *are* included within the definition of "additional compensation": tips from customers; cash bonuses; board and lodging; the cash value for services compensated in a medium other than money; life, health, and accident insurance; and contributions

to an employee's pension and profit-sharing plan. Significantly, payments for sick leave and vacation benefits are not identified.

Finally, K.S.A. 2002 Supp. 44-511(b)(8) provides:

"In determining an employee's average gross weekly wage with respect to the employer against whom claim for compensation is made, no money or additional compensation paid to or received by the employee from such employer, or from any source other than from such employer, shall be included as wages, except as provided in this section. *No* wages, other compensation or *benefits of any type, except as provided in this section, shall be considered or included in determining the employee's average gross weekly wage*." (Emphasis added.) K.S.A. 2002 Supp. 44-511(b)(8).

In *Bohanan v. U.S.D. No. 260*, 24 Kan. App. 2d 362, 947 P.2d 440 (1997), claimant had worked for the school district for 25 years at the time of her work-related accident; she was given an accommodated job, which was eliminated at the end of the school year.

On appeal, Bohanan argued the Board erred by not including the value of her vacation and sick leave benefits in calculating her preinjury average weekly wage. We held the terms "wage," "additional compensation," and "money" as defined in 44-511(a) did not include pay for vacation and sick leave; we concluded the Board did not err in its calculations. 24 Kan. App. 2d at 374-76.

The provisions in K.S.A. 2002 Supp. 44-511(a) and (b) do not differentiate between the compensation of average weekly wage for preinjury and postinjury wages. Accordingly, the reasoning of *Bohanan* applies to the present case. See also *Osmundson v. Sedan Floral, Inc.*, 10 Kan. App. 2d 261, 697 P.2d 85 (1985), where the issue was whether claimant was "employed" by the employer during the 13 weeks he received unemployment compensation. We answered in the negative, ruling that "employed" means the time the worker is employed and on the job. 10 Kan. App. 2d at 265.

Here, Fuller was not "on the job" during the 20 hours per week she collected sick leave and vacation benefits due to her permanent restrictions. Fuller simply had no work to perform during those 20 hours per week she was not rendering any services for Farmers.

Reversed and remanded with directions to exclude the payment of vacation and sick leave benefits from the computation of Fuller's average weekly wage.